[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15224

_____

D. C. Docket No. 05-02980-CV-ODE-1

FERCO ENTERPRISES, INC.,

Plaintiff-Counter-
Defendant-Appellant,

versus

TAYLOR RECYCLING FACILITY, LLC,
JAMES W. TAYLOR, JR.,
MARK PAISLEY,
TAYLOR BIOMASS ENERGY, LLC,
TAYLOR HOLDING GROUP, LTD.,

Defendants-Counter-
Claimants-Counter-
Defendants-Appellees,

JAW ENTERPRISES, INC.,
JOHN A. WILLIAMS,

Counter-Defendants-
Counter-Claimants-
Appellants.

Appeal from the United States District Court
for the Northern District of Georgia

**(August 29, 2008)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Appellants FERCO Enterprises, Inc. ("FERCO"), JAW Enterprises, Inc. ("JAW"), and John A. Williams appeal the district court's entry of summary judgment in favor of Appellees Taylor Recycling Facility, LLC, James W. Taylor, Jr., Taylor Biomass Energy, LLC, Taylor Holding Group, Ltd., (collectively, "Taylor Appellees"), and Mark Paisley. Appellants sued Taylor Appellees and Paisley for misappropriation of confidential information and trade secrets, and breach of confidentiality agreements. The Taylor Appellees then raised claims against FERCO, JAW, and Williams for breach of contract, quantum meruit, and tortious interference with contract. JAW then asserted additional claims against the Taylor Appellees and Paisley. All parties moved for summary judgment, and the district court granted each motion.

On appeal, FERCO, JAW, and Williams argue the following: (1) genuine issues of material fact preclude summary judgment for Taylor Appellees and

2

Paisley on the trade secrets claims; (2) the district court erred in rejecting Appellants' ratification argument; (3) genuine issues of material fact preclude summary judgment for Paisley on the breach of duty of loyalty and confidentiality agreement claims; (4) the district court erred in determining that Appellee James Taylor is not personally liable for claims against Taylor Recycling Facility and Taylor Biomass Energy; (5) the district court erred in entering summary judgment for Taylor Appellees on the tortious interference claim; (6) the district court erred in finding that the Georgia Trade Secrets Act of 1990, O.C.G.A. § 10-1-760 *et seq*, preempted the common law claims; and (7) the district court erred in entering summary judgment for Paisley on the computer crime claims.

After reviewing the record and the parties' briefs, and with the benefit of having heard oral argument, we find no reversible error. Accordingly, we affirm.

**AFFIRMED.**